# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

STEPHEN BURRELL,

    Petitioner,

v.                                             CASE NO: 8:11-CV-365-T-30TGW
                                                        Crim. Case No: 8:09-CR-440-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) and Memorandum in support (CV Dkt. #2) filed on February 22, 2011. The Government's response was filed on May 10, 2011 (CV Dkt. #4).

### Background

On September 22, 2009, Petitioner, Stephen Burrell ("Burrell" or "Petitioner") was indicted by a Grand Jury with one count of conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §§ 846 and 841(b) (1) (A) (ii), and one count of carrying one or more firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c) and 2. Represented by court-appointed counsel (CR Dkt. #16), Petitioner pled guilty as charged on March 23, 2010, pursuant to a negotiated plea agreement (CR Dkt. #81).

Petitioner's sentencing guideline calculation was an offense level 31 with a criminal history category of IV resulting in a sentencing range of 151-188 months imprisonment. It was reduced four levels in recognition of Petitioners substantial assistance pursuant to U.S.S.G. § 5K1.1 resulting in a guideline range of 100-125 months. Petitioner was sentenced on June 24, 2010, to serve a term of 100 months in prison, followed by a 60 month supervised release (CR Dkt. #144).

Petitioner did not appeal (CR Dkt. #145). Thus, on July 8, 2010 Petitioners conviction became final, giving him until July 8, 2011 to file a § 2255 motion. On February 22, 2011 Petitioner timely filed this § 2255 motion. But for reasons discussed below, the Court concludes that Petitioner's claims are barred by the appeal waiver contained in his plea agreement.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. Only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

Here, Petitioner challenges his conviction as unconstitutional based on receiving ineffective assistance of counsel. Ineffective assistance claims are cognizable under 28 U.S.C. § 2255. *See Lynn v. United States*, 365 F.3d 1225, 1234 n.17 (11th Cir. 2004).

It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). Guilty pleas waive all but jurisdictional claims up to the time of the plea, *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *see also*, *Stano v. Dugger*, 821 F.2d 1125, 1150 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991), and foreclose most claims from collateral attack, *see United States v. Broce*, 488 U.S. 563, 569 (1989). If a valid sentence-appeal waiver is entered into voluntarily and knowingly, pursuant to a plea agreement, the defendant is precluded from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing; the Eleventh Circuit opined that to hold otherwise would "permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005).

## Discussion

The crux of Petitioner's complaint is that the sentence he received was procedurally and substantively unreasonable because of ineffective assistance of counsel pursuant to two grounds:

**Ground One:**   Counsel was ineffective for failing to introduce mitigating evidence regarding Petitioner's mental health for a downward departure pursuant to U.S.S.G. § 3553(a).

**Ground Two:**     Counsel was ineffective for failing to introduce factors that Petitioner possesses enough of a lack of mental stability, so as to be held fully accountable for his actions, thus resulting in a further downward departure pursuant to U.S.S.G. § 5K2.13.

Petitioner executed a plea agreement in which he waived his right to appeal, directly or collaterally, any factual or legal finding made by the court in calculating the appropriate sentencing guideline range, unless the court upwardly departed or the Government appealed. *See Williams*, 396 F.3d at 1342.

Petitioner concedes, "this Honorable Court imposed a low end sentence of 100 months incarceration along with five years supervised release.," (CV Dkt. #2 at 5). No upward departure from the sentencing guidelines occurred. Without an appeal from the Government, Petitioner's waiver of his right to challenge his sentence is controlling. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001).

At Petitioner's change of plea hearing, the Magistrate reviewed his appeal waiver, pointing out that by agreeing to the waiver, he was specifically waiving his right to challenge the Court's sentencing guideline calculation on direct appeal as well as in later proceedings (CR Dkt. #183 at 30-31). The Magistrate explained that the waiver also included claims of ineffective assistance of counsel regarding the guidelines (CR Dkt. #183 at 30-31). When

asked if he understood this, Petitioner responded that he did (CR Dkt. #183 at 31:8). At the conclusion of the proceeding, the Magistrate found that Petitioner's guilty plea was made "freely, voluntarily, and knowingly," (CR Dkt. #105).

Even if Petitioner's right to attack his sentence had not been waived, it would have still failed to establish a prime facie claim of ineffective assistance of counsel. Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under the prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Any vague, conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

**Ground One:**

Petitioner asserts that "Defense counsel rendered constitutional ineffective assistance when counsel failed to present mitigating evidence concerning Petitioner's mental health pursuant to § 3553(a) (CR Dkt. #2 at 5). Petitioner further discusses his mental condition including posttraumatic stress disorder and a diagnosis of mental disability resulting from a gunshot wound to his head (CR Dkt. #2 at 6).

Burrell is factually mistaken about his counsel's performance. Burrell's counsel, Ms. Borghetti, argued diminished capacity in her Sentencing Memorandum, (CR Dkt. #136 at 6-7). Moreover, the sentencing transcript clearly indicates that Ms. Borghetti, orally presented mitigating evidence concerning Petitioner's mental health. The court acknowledged diminished capacity could be a mitigating factor:

> MS. BORGHETTI: he's got a diminished capacity. Being - - he was shot in the head... So, Judge, he - - because of this shooting, he - - you know, he had to learn how to talk, walk, eat... So, I believe he has diminished capacity, Your Honor... under the analysis of 3553(a) (CR Dkt. #181 at 6-7).
>
> THE COURT: All right. Diminished capacity would be a factor to consider in varying from the guidelines (CR Dkt. #181 at 7).
>
> MS. BORGHETTI: Right (CR Dkt. #181 at 7).

In addition to the arguments made by defense counsel, a character witness was brought forth to testify about Petitioner's mental health:

> THE WITNESS: I've been a lifelong friend of Mr. Burrell for over 20 years, and I can say that... after he got shot in the head, he hasn't been the same... His judgment is messed up (CR Dkt. #181 at 16).

Petitioner further claims that "the District Court's failure to consider the § 3553(a) factors...constitutes procedural error," (CR Dkt. #2 at 5). This is directly refuted by the sentencing transcript:

> THE COURT: The Court having reviewed the presentencing report and considered the factors of 18 U.S.C., Section 3553, it is the judgment of the Court that the defendant, Stephen Burrell, is hereby committed to the custody of the Bureau of Prisons (CR Dkt. #181 at 20).

The judge's explanation regarding the sentence given need only be brief to be legally sufficient. *Rita v. United States*, 551 U.S. 338, 358 (2007). Thus, it is clear from the record that counsel's performance was not deficient, and as a result there was no prejudice in sentencing. Ground One of Petitioner's motion lacks merit.

**Ground Two:**

Similar to Ground One, Ground Two alleges that "counsel provided constitutional ineffectiveness for failing to present § 5K2.13 factors during the sentencing proceeding (CR Dkt. #2 at 5). This allegation also lacks merit. The sentencing record clearly indicates that Petitioner's counsel addressed the § 5K2.13 factors:

> MS. BORGHETTI: We feel that there should be consideration given for a departure under 5K2.13 of the advisory guidelines (CR Dkt. #181 at 5).

Again Burrell is factually mistaken about the performance of his lawyer. This claim is without merit.

**Conclusion**

Petitioner's claims are barred by his appeal waiver. And his claims would have failed for lack of merit even if they had not been waived. His claims are factually wrong about the performance of his counsel. As such, Petitioner's application for 28 U.S.C. § 2255 relief must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DISMISSED because it is barred by Petitioner's

      appeal waiver.

2.      The Clerk shall close this case.

3.      The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#175, in the underlying criminal case, case number 8:09-CR-440-T-30TGW.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2011\11-cv-365.deny 2255.wpd